UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

SADAF SHIRVANI a/k/a KRISTY SHIRVANI, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

XEROX EDUCATION SERVICES, LLC, f/k/a ACS EDUCATION SERVICES, INC., and U.S. BANK N.A.,

Defendants.

---------------------------------------x

13 Civ. 7295 (LAK) (AJP)

**OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

Presently before the Court is defendants' motion to transfer venue to the Northern District of New York pursuant to 28 U.S.C. § 1404(a), or alternatively, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4: Xerox Mot.)

On September 20, 2013, Judge Baer granted Xerox's motion to transfer a similar case, brought against Xerox by an out-of-state plaintiff whose student loan Xerox serviced, to the Northern District of New York. Reynolds v. Xerox Educ. Servs., LLC, 13 Civ. 1003, 2013 WL 5303797 at *1-3 (S.D.N.Y. Sept. 20, 2013). The Court agrees with Judge Baer's analysis, and for the reasons stated by Judge Baer in Reynolds and for the reasons set forth below, Xerox's motion to transfer is GRANTED.[1/]

[1/] The Court, therefore, need not reach Xerox's alternative motion to dismiss.

## FACTS

### Background

Shirvani resides in Washington State and consolidated three student loans into a single loan under the Federal Family Education Loan Program. (Dkt. No. 1: Compl. ¶ 8; Dkt. No. 7: Xerox Br. at 1.) U.S. Bank, with its principle place of business in Ohio and an office in Manhattan, owns the consolidated loan. (Compl. ¶ 10.) Xerox services the consolidated loan. (Compl. ¶ 9.)[2] The complaint does not allege that Shirvani had any dealings with U.S. Bank about the servicing of the loan. (See Xerox Br. at 1-2.) Rather, Shirvani alleges that Xerox engaged in a common scheme "to credit payments to student loans improperly to extract more interest from borrowers." (Compl. ¶ 2.) Xerox does not maintain any office or facility in the Southern District of New York. (Xerox Br. at 2; Dkt. No. 5: Broedel Aff. ¶ 3.) Shirvani alleges that she had communications with multiple Xerox employees, including Nancy Young, all of whom are employed in Xerox's Utica, New York office. (Compl. ¶¶ 29-33; Xerox Br. at 2; Broedel Aff. ¶ 4.)

## ANALYSIS

### I. LEGAL STANDARDS GOVERNING MOTIONS TO TRANSFER VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). "It is the defendant's burden to show, through clear and

---

[2] The parties use "ACS," "XES," and "Xerox" throughout their papers to refer to Xerox Educational Services LLC. This opinion refers to "Xerox."

convincing evidence, that transfer is appropriate." Berger v. Cushman & Wakefield of Pa., Inc., 12 Civ. 9224, 2013 WL 4565256 at *4 (S.D.N.Y. Aug. 28, 2013); see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010). Such a showing requires "'detailed factual statements' in support." Reynolds v. Xerox Educ. Servs., LLC, 13 Civ. 1003, 2013 WL 5303797 at *1 (S.D.N.Y. Sept. 20, 2013) (Baer, D.J.).

"In deciding a motion to transfer, courts commonly consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp., 13 Civ. 5158, 2013 WL 5656086 at *1 (S.D.N.Y. Oct. 9, 2013).[3/] "The aforementioned factors aid in, and guide, this analysis; nevertheless, '[t]here is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion.'" Berger v. Cushman & Wakefield of Pa., Inc., 2013 WL 4565256 at *4 (quoting Larew v. Larew, 11 Civ. 5771, 2012 WL 87616 at *3 (S.D.N.Y. Jan. 10, 2012)).

---

3/ Accord, e.g., D.H. Blair & Co. v. Gottdiener, 462 F.3d at 106-7; Reynolds v. Xerox Educ. Servs., LLC, 2013 WL 5303797 at *2; Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp., 12 Civ. 5141, 2012 WL 5512164 at *3 (S.D.N.Y. Nov. 14, 2012).

## II. XEROX'S MOTION TO TRANSFER IS GRANTED

In this case, the following relevant factors weigh in favor of granting the motion to transfer to the Northern District of New York: convenience of the witnesses, location of the relevant documents and relative ease of access to the sources of proof, and locus of the operative facts.[4]

### 1. The Relevant Witnesses are Located in the Northern District

Courts in this Circuit have held that the "'[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'" Hoadley v. MoneyGram Payment Sys., Inc., 08 Civ. 11192, 2009 WL 2001327 at *3 (S.D.N.Y. July 9, 2009) (quoting Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)).[5]

"A party seeking to transfer based on the convenience of the witnesses must provide the Court with a specific list of probable witnesses who will be inconvenienced by the current forum and a general statement of what the witnesses' testimony will cover." Crow Constr. Co. v. Jeffrey

---

[4] Although Shirvani chose the Southern District as the forum, the Court finds that this factor should not be assigned dispositive weight. "[W]hen the operative facts have few meaningful connections to the plaintiff's chosen forum . . . the importance of the plaintiff's choice of forum measurably diminishes." Harris v. Brody, 476 F. Supp. 2d 405, 406 (S.D.N.Y. 2007) (citation omitted); accord, e.g., Hoadley v. MoneyGram Payment Sys., Inc., 08 Civ. 11192, 2009 WL 2001327 at *3 (S.D.N.Y. July 9, 2009). As Judge Baer stated in Reynolds, "[i]n this case, the Plaintiff has not shown any connection to this forum other than his preference." Reynolds v. Xerox Educ. Servs., LLC, 13 Civ. 1003, 2013 WL 5303797 at *3 (S.D.N.Y. Sept. 20, 2013). See also, e.g., Mohsen v. Morgan Stanley & Co., 11 Civ. 6751, 2013 WL 5312525 at *8 (S.D.N.Y. Sept. 23, 2013) (little weight afforded to plaintiff's choice of forum where the chosen forum is neither the plaintiff's home forum nor the locus of operative facts); CYI, Inc. v. Ja-Ru, Inc., 913 F. Supp. 2d 16, 22 (S.D.N.Y. 2012); Larew v. Larew, 11 Civ. 5771, 2012 WL 87616 at *4 (S.D.N.Y. Jan. 10, 2012).

[5] Accord, e.g., Hicks v. T.L. Cannon Corp., No. 12-CV-6517, 2013 WL 2423782 at *4 (N.D.N.Y. June 4, 2013); Clerisy Corp. v. AirWare Holdings, Inc., No. 12-CV-6396, 2012 WL 4754745 at *2 (W.D.N.Y. Oct. 4, 2012); Fed. Ins. Co. v. Custom Expedite Co., 08 Civ. 6149, 2009 WL 508393 at *2 (S.D.N.Y. Feb. 24, 2009).

M. Brown Assoc., Inc., 01 Civ. 3839, 2001 WL 1006721 at *3 (S.D.N.Y. Aug. 31, 2001).[6] Xerox provided an affidavit by Jamie Broedel, a Senior Research and Legal Support Specialist for Xerox's Financial Services Group. (Dkt. No. 5: Broedel Aff. ¶ 1.) Broedel states that "the [Xerox] employees with whom Plaintiff [Shirvani] communicated, including Nancy Young, [a member of Xerox's management support team,] were employed at [Xerox's] Utica facility during the relevant times and are employed there currently. Furthermore, [Shirvani's] written communications with [Xerox] were with employees in the Utica facility." (Broedel Aff. ¶ 4, record citations omitted; see also Dkt. No. 1: Compl. ¶ 32.) While the Broedel affidavit could be more specific, Shirvani does not allege that any witness is in this District (Dkt. No. 14: Shirvani Opp. Br. At 1-9), and the Broedel affidavit thus offers sufficient detail to support Xerox's motion for transfer. See Reynolds v. Xerox Educ. Servs., LLC, 2013 WL 5303797 at *2 (holding nearly identical affidavit from Jamie Broedel provided sufficient detail to justify transfer); see also, e.g., Hoadley v. MoneyGram Payment Sys., Inc., 08 Civ. 11192, 2009 WL 2001327 at *3 (S.D.N.Y. July 9, 2009).

**2. The Relevant Documents are Located in the Northern District**

The Broedel affidavit states that "[t]he systems which are involved in the servicing of [Shirvani's] loan . . . are available in the Utica facility" and that these are the relevant computers "used in the application of borrower payments." (Dkt. No. 5: Broedel Aff. ¶ 5, record citation omitted.) Broedel further explains the importance of these systems, stating that the "system itself is key evidence necessary to refute [Shirvani's] allegations about it, but it cannot be transported to a court," however the jury could be taken to Xerox's Utica facility if the case were transferred,

---

[6] Accord, e.g., Pace v. Quintanilla, 13 Civ. 91, 2013 WL 5405563 at *3 (S.D.N.Y. Sept. 23, 2013); Reynolds v. Xerox Educ. Servs., LLC, 13 Civ. 1003, 2013 WL 5303797 at *2 (S.D.N.Y. Sept. 20, 2013); Fellus v. Sterne, Agee & Leach, Inc., 783 F. Supp. 2d 612, 620 (S.D.N.Y. 2011).

further emphasizing the importance of the location. (Broedel Aff. ¶ 5.) See also, e.g., Reynolds v. Xerox Educ. Servs., LLC, 13 Civ. 1003, 2013 WL 5303797 at *2 (S.D.N.Y. Sept. 20, 2013); Zaltz v. JDATE, No. 12-CV-3475, --- F. Supp. 2d ----, 2013 WL 3369073 at *15 (E.D.N.Y. July 8, 2013) (ease of document reproduction relevant in transfer analysis); Quan v. Computer Sciences Corp., Nos. CV 06-3927, CV 06-5100, 2008 WL 89679 at *7 (E.D.N.Y. Jan. 7, 2008) (factor weighs in favor of transfer where relevant documents are located in transferee district). Shirvani does not dispute this. (See Dkt. No. 14: Shirvani Opp. Br. at 8.) Accordingly, this factor weighs in favor of transfer to the Northern District.

### 3. The Operative Facts, Including Shirvani's Communications with Xerox, Occurred in the Northern District

The complaint includes allegations describing the process by which Shirvani's loan payments were processed and the individuals Shirvani interacted with by phone and email in her attempts to solve the prepayment problems. (Dkt. No. 1: Compl. ¶¶ 11-33.) Broedel states that the "employees with whom [Shirvani] communicated . . . were employed at [Xerox's] Utica facility during the relevant times," and that "[t]he systems which are involved in the servicing of [Shirvani's] loan . . . are available in the Utica facility." (Dkt. No. 5: Broedel Aff. ¶¶ 4-5.) Again, Shirvani does not dispute this. (Dkt. No. 14: Shirvani Opp. Br. at 1-9.)

### 4. The Principles of Judicial Economy Do Not Weigh Against Transfer

Shirvani asserts that this case is related to Breitman v. Xerox Education Services, LLC, 12 Civ. 6583, because the misconduct alleged is identical, the primary defendants are the same, and Shirvani has retained the same counsel as the lead plaintiff in Breitman, a case that remains in the Southern District. (Dkt. No. 14: Shirvani Opp Br. at 6; see Dkt. No. 1: Compl. ¶ 7.) Shirvani therefore argues that it is inefficient and redundant to transfer this case to the Northern

District. (Shirvani Opp. Br. at 6-9.) This assertion fails for three reasons. First, Judge Crotty, the district judge assigned to Breitman, declined to accept the instant case as related. (See Dkt. No. 7: Xerox Br. at 5; 13 Civ. 7295, 10/25/13 docket entry.) Second, the plaintiff in Breitman was a resident of the Southern District, thus establishing a connection to this District that the instant case lacks. (Xerox Br. at 3 n.1; see also 12 Civ. 6583, Dkt. No. 42 (Xerox 10/23/13 letter to Judge Crotty stating that it did not move to transfer Breitman because the plaintiff resided in the SDNY, but would move to transfer both Breitman and the present case if deemed related).) Third, this case is factually indistinguishable from Reynolds v. Xerox Educational Services, LLC, 13 Civ. 1003, 2013 WL 5303797 (S.D.N.Y. Sept. 20, 2013), where Judge Baer, noting that neither the plaintiff nor Xerox had any connection to the Southern District, granted Xerox's motion to transfer to the Northern District for substantially the same reasons herein.

Shirvani correctly notes that the Reynolds complaint named a different bank, Wells Fargo (the owner of the loan), as a defendant. (Compare Dkt. No. 1: Compl. ¶¶ 1, 10, with 13 Civ. 1003, Dkt. No. 1: Reynolds Compl. ¶¶ 1, 8, and 12 Civ. 6583, Dkt. No. 1: Breitman Compl. ¶¶ 1, 10.) However, only Xerox's conduct through its CheckMate II system is at issue. (Compare, e.g., Compl. ¶26 (alleging Xerox's misapplication of prepayments), with 13 Civ. 1003, Reynolds Compl. ¶ 25 (same), and 12 Civ. 6583, Breitman Compl. ¶ 18 (same).) Moreover, it is unclear why Shirvani's attorney's have filed three separate complaints, all seeking class action status, alleging the same misconduct on the part of Xerox. The fact that one of three plaintiffs, Breitman, resides in this District is insufficient to tip the balance against transfer here, given that no other connection to the Southern District exists. There is as much "judicial economy" possible in the Northern District as here. Accordingly, judicial economy does not provide a sufficient basis upon which to deny Xerox's motion to transfer.

### 5. Balancing All The Factors

Shirvani has failed to show that this case has any connection to the Southern District of New York other than her preference. By contrast, Xerox has demonstrated that several factors counsel transfer to the Northern District, where Xerox is physically located, the challenged operations are performed, and from where Xerox's staff interacts with customers including Shirvani. This evidence comports with the transfer standards required in this Circuit. (See cases cited on pages 2-3 above.) Accordingly, it is appropriate to transfer this case to the Northern District of New York "for the convenience of the parties and witnesses, [and] in the interest of justice." As Judge Baer summarized in ordering the similar Reynolds case against Xerox transferred to the Northern District of New York:

> In this case, the Plaintiff has not shown any connection to this forum other than his preference. On the other hand, Defendants have made out the "'strong case for transfer,'" required in this circuit. Defendants have demonstrated multiple factors that weigh in favor of transfer to N.D.N.Y., and that course of action is appropriate "for the convenience of the parties and witnesses, in the interest of justice."

Reynolds v. Xerox Educ. Servs., LLC, 2013 WL 5303797 at *3 (citation omitted).

## CONCLUSION

For the reasons set forth above, Xerox's motion (Dkt. No. 4) to transfer this case to the U.S. District Court for the Northern District of New York is GRANTED.

## FILING OF OBJECTIONS TO THIS OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Opinion to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 2240, and to my chambers, 500 Pearl Street, Room 1370.

Any requests for an extension of time for filing objections must be directed to Judge Kaplan (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

SO ORDERED.

Dated: New York, New York
January 13, 2014

**Andrew J. Peck**
United States Magistrate Judge

Copies ECF to: All Counsel
Judge Lewis A. Kaplan